## FLANNERY v. NEW YORK, O. & W. R. CO.

Circuit Court of Appeals, Second Circuit.
November 12, 1928.

No. 48.

L. HAND, Circuit Judge (after stating the facts as above). [1, 2] While the charge given was too broad, the error was in our opinion harmless, because the judge should have directed a verdict for the defendant anyway. There were three charges of negligence: Failure to give the plaintiff any warning, removing the string with notice of his presence, and neglect of proper rules. As the case developed, the only evidence in proof of any of these was in the failure of the "supervisor" to set the flag after promising to do so, and in the locomotive's pulling the train south without giving two blasts on the whistle.

We do not agree that because the plaintiff saw that the flag was not set at the north end, he must have concluded that the "supervisor" would not set it at the south, where the only danger was. The defendant, after the custom in such cases, asked more than it was entitled to have, no doubt expecting a verdict for the plaintiff, and perhaps hoping that a refusal would give color to an appeal. However, the rule forbids workmen from starting to work until they "know" that the flags are set. While we agree that it would be absurd to read this as requiring each man of a gang to go to the end of a string and see with his own eyes that the flag was in place, it seems to us plain that he is required to wait till he has got word or signal from the man deputed that he has set the flag. This is not only reasonable, but the only safe way in which the work can be done. The plaintiff did not say that he had so waited, and probably dared not, as it would in that case have become too improbable, either that the locomotive coupled in the face of the flag, or that the "supervisor" deliberately gave him a false signal. Therefore, so far as he relies upon the failure of the "supervisor" to set the flag, he assumed the risk of that failure. The rule was absolute, and he ignored it at his peril. Thus, while the request and charge were wrong, the plaintiff was already out of court as to this alleged fault.

The plaintiff's other exception is to the refusal to charge that, if the defendant failed to give him warning while he was under the car, he could recover. His testimony was that it was customary, when an engine was to move forward, to give two short blasts; this was not denied, and was, indeed, admitted by the defendant. The plaintiff swore that he had heard no such signal while he was beneath the car, though the train crew swore that it was given. Since the plaintiff was in a position to hear the signal, and it was not unlikely to attract his attention, if blown, his negative testimony raised an issue. Fran-

Alfred T. Rowe, of New York City (Leonard F. Fish, of New York City, of counsel), for appellant.

John Bright and Watts, Oakes & Bright, all of Middletown, N. Y. (Abram F. Servin, of Middletown, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

china v. Chicago, etc., R. R. Co., 195 F. 462 (C. C. A. 8); Lehigh Valley R. R. Co. v. Mangan, 278 F. 85 (C. C. A. 2). Nevertheless, the omission of the signal under these circumstances was not a failure in any duty towards the plaintiff. The engineer, when coupling to the string, saw no warning flag, and naturally did not suppose that any one was then at work beneath the cars. Thus he had no notice of the plaintiff's presence. Since it was the purpose of the rule to advise him, and he had no reason to apprehend its violation, any more than to suppose that some one would go beneath them after he had coupled, it was not negligent to pull the cars ahead without signal. He owed no such duty to signal to any one who had disregarded the rule, because the chance of its disregard was too remote a contingency. Had it appeared that the signal was used as a precaution, added to that of the flag, another case would be presented. It was not; so far as the evidence shows, it was merely an acknowledgment of the trainman's signal that the string was ready to start.

The plaintiff's case must rest upon the theory that the practise, however intended, had in fact become an added precaution, and that workmen might ignore that precaution which the defendant provided, the flag, and rely upon that which was intended for another purpose. But this is to confuse the orderly conduct of the defendant's business, and to impose upon it an added responsibility without basis, when it had already provided adequately and conveniently for the situation. Therefore the fault charged of moving the cars without proper warning, was not proved, and the request was rightly denied.

Judgment affirmed.